RECEIVED

SEP 2 2 2009

TONY ... CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:08-00205-05 |
| VERSUS | JUDGE DOHERTY |
| MELVIN WAYNE ALEXANDER | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

The United States of America (hereinafter "Government") filed a Notice of "Other Crimes"
Evidence on September 4, 2009. [Doc. 310]  Defendant Melvin Wayne Alexander (hereinafter
"Alexander") filed a "Motion to Strike Notice of Other Crimes Evidence, or alternatively, in Limine
and to Adopt Previously Stated Arguments in Support Thereof" on September 8, 2009. [Doc. 313]
For the reasons set forth below, Alexander's motion is **DENIED**.

The Government seeks to introduce evidence regarding Alexander's conviction, following
entry of a plea of guilty, for Possession of Cocaine in the 15th Judicial District Court in and for
Lafayette Parish, Louisiana.  Alexander filed the aforementioned motion to strike/motion in limine,
stating as follows:

> **NOW INTO COURT**, through undersigned counsel, comes Defendant,
> **MELVIN WAYNE ALEXANDER**, who moves this Honorable Court to strike the
> Notice of "Other Crimes" Evidence [Rec. Doc. 310] filed by the Government on
> September 4, 2009.  Said filing is belated, and prejudicial, at this late date.
>
> In further support for his in limine argument, and in the event the Court does
> not strike the Government's filing as untimely, Mr. Alexander adopts those
> arguments contained within Rec. Doc. 244-3 and urges them herewith in lieu of a
> formal memorandum in support of this motion.

[Doc. 313] No other substantive information is provided by defendant in the motion.

The Court finds under the facts and circumstances of this case, the notice of 404(b) evidence is not "belated." First, the Court notes the posture of the two Criminal Scheduling Orders issued in this matter and the record are less than clear with regard to the deadline for providing notice *of 404(b)* evidence. The first scheduling order issued on August 15, 2008, and provides in pertinent part:

> (a) **Within (10) days following the date of this order,** counsel for the parties shall meet <u>IN PERSON</u> and the following shall be accomplished:
>
> (1) At defendant's written request, filed in the record, the government shall make the following disclosures to the defendant ...:
>
> ...
>
> (F) The general nature of any Rule 404(b) evidence it intends to introduce at trial.
>
> ...
>
> **(b) Within fifteen (15) days following the date of this order,** the United States shall submit to the District Judge a 404(b) statement in accord with the following. ...

[Doc. 65 (emphasis in original)] Additionally, the Court notes the same day as the first scheduling order issued, defendant's original counsel filed a request for discovery, including item (F), *supra.* [Doc. 55] Neither defendant's motion, nor the docket sheet, reflect whether or not the government provided notice pursuant to the defense counsel's request for discovery. Thereafter a motion to continue the trial was filed and on August 25, 2008, the Court granted the government's motion to continue the trial of this matter. [Doc. 69] Consequently, on August 29, 2008, Magistrate Judge Hill issued an order which **vacated** "[a]ll orders setting deadlines for providing discovery, pretrial

motions, pretrial conferences and the filing of status reports," due to the continuance of the trial. [Doc. 80] A superceding indictment was received and following return of the superceding indictment, a new scheduling order issued on December 4, 2008, setting this matter for trial on September 28, 2009. [Doc. 219] The new scheduling order contained discovery provisions identical to those set forth above. On August 5, 2009, new counsel enrolled on behalf of the above-named defendant. [Doc. 287] To date, defendant's current counsel *has neither filed a request for discovery, nor re-urged the previous request.* On September 4, 2009, the government filed a "Notice of 'Other Crimes' Evidence." [Doc. 310] On September 8, 2009, counsel filed a motion to suppress, as well as the subject motion to strike/motion in limine. [Doc. Nos. 312, 313] Pursuant to the scheduling order, all motions (including any motions to suppress) were to have been filed within 15 days of issuance of the scheduling order - *i.e.* on December 19, 2008.[1] Accordingly, it appears neither counsel has adhered to the strict letter of the scheduling order. Additionally, the Court notes the Advisory Committee Notes to FED. R. EVID. 404 state, "Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." *See* 1991 Amendments to FED. R. EVID. 404.

As to the counsel's statement that the notice is prejudicial, no argument has been set forth in support of that conclusory statement. While counsel purports to "adopt those arguments contained within Rec. Doc. 244-3 and urges them herewith in lieu of a formal memorandum in support of this motion," the Court finds the cited document provides no support for defendant's argument. Doc. 244-3 is a memorandum in support of a motion in limine addressing 404(b) evidence *pertaining to*

---

[1]The Court further notes defense counsel did not file the pending motion until 34 days after an order issued allowing him to enroll as counsel.

*defendant, Darius Nathaniel Fisher.* The memorandum is fact specific to Mr. Fisher's past criminal activity and does not involve this defendant in any fashion.

Accordingly, the Court finds, as the magistrate judge vacated all previous scheduling orders, a second scheduling order was issued, no request was made by defendant's counsel after all orders had been vacated, the untimely filings by both counsel, and defendant's failure to carry his burden of proof and argument as to the requested relief, the Motion to Strike/Motion in Limine [Doc. 313] is DENIED at this time. However, due to the potential of unfair prejudice to defendant at trial, counsel for the Government is not to discuss Mr. Alexander's prior conviction in the presence of the jury, without first obtaining the Court's permission outside of the presence of the jury.

Thus done and signed in Lafayette, Louisiana, this 22nd day of September, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE