RECEIVED
SEP 30 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00205-05 |
| VERSUS | JUDGE DOHERTY |
| MELVIN WAYNE ALEXANDER | MAGISTRATE JUDGE HILL |

### RULING ON MOTION TO SUPPRESS

This matter was referred to United States Magistrate Judge C. Michael Hill for his Findings and Recommendation. [Doc. 328] After an independent review of the record and consideration of the objections filed by defendant, this Court concludes the Motion to Suppress [Doc. 312] should be denied.

In this matter, the Magistrate Judge found "[t]he defendant has no standing to contest the constitutional validity of this search," as "it is not objectively reasonable that the defendant had a subjective expectation of privacy in his mother's home while he was incarcerated." [Doc. 328, p.7] This Court agrees defendant has demonstrated no legitimate expectation of privacy in the shed located on his mother's property. Accordingly, the evidence found in the detached outside shed will not be suppressed.[1] However, the Court finds the question of whether or not defendant had a

---

[1] *See* Rakas v. Illinois, 439 U.S. 128, 134 (1978)("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections.") (Internal citations omitted).

1

legitimate expectation of privacy in certain areas of his mother's home might not be as clear as the Magistrate Judge suggests. Regardless, however, the Court need not make a final determination as to that issue, as it finds even if defendant did have a legitimate expectation of privacy in certain areas of his mother's home, suppression is not warranted in this matter. Here, the evidence defendant seeks to have suppressed was obtained during the execution of a warrant, issued by the Magistrate Judge, following his review of the application for search warrant, the affidavit in support thereof and the testimony provided to him by the investigating agent while under oath and on record. *See e.g.* U.S. v. Gibbs, 421 F.3d 352, 359 (5th Cir. 2005)("Contrary to Gibbs' contentions: an officer may rely in good faith on an issued-warrant based on an affidavit describing a single drug buy conducted by a confidential informant supervised by the affiant officer, ... and the Agent could rely in good faith on a warrant issued pursuant to an affidavit to which he swore." (Internal citations omitted)).[2] Accordingly, under the facts at hand and testimony reviewed by this Court, suppression of the

---

[2]As noted in U.S. v. Leon, 468 U.S. 897, 925 (1984):

> If the resolution of a particular Fourth Amendment question is necessary to guide future action by law enforcement officers and magistrates, nothing will prevent reviewing courts from deciding that question before turning to the good-faith issue. Indeed, it frequently will be difficult to determine whether the officers acted reasonably without resolving the Fourth Amendment issue. Even if the Fourth Amendment question is not one of broad import, reviewing courts could decide in particular cases that magistrates under their supervision need to be informed of their errors and so evaluate the officers' good faith only after finding a violation. ***In other circumstances, those courts could reject suppression motions posing no important Fourth Amendment questions by turning immediately to a consideration of the officers' good faith.*** We have no reason to believe that our Fourth Amendment jurisprudence would suffer by allowing reviewing courts to exercise an informed discretion in making this choice.

Here, the Court exercises its discretion and chooses to reject the suppression motion by turning immediately to a consideration of Agent Berard's good faith, as it finds (after a full and independent review) there clearly existed probable cause for the issuance of a search warrant in this matter.

evidence obtained in defendant's mother's home is not warranted in this matter.[3]

Due to the forgoing, IT IS HEREBY ORDERED that defendant's Motion to Suppress [Doc. 312] is DENIED.

THUS DONE AND SIGNED this ___ day of September, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] As to defendant's argument the warrant covered only the shed and not the residence, the Court finds the warrant clearly allows for a search of the "premises...located at 108 Cochrane Street, Lafayette, Louisiana, 70501... ." [Doc. 312-4] Defendant has failed to convince this Court that in this matter, the term "premises" was limited to a search of only the house and not the outside shed. However, even if this were the case, defendant, also has failed to convince this Court he would have standing as to a shed on his mother's property.

3